UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ENRIQUE LAN BERCIAN (A-Number: 240-465-152),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-06991-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Luis Enrique Lan Bercian is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen is not provided with the procedural protections set forth in 8 U.S.C. § 1226(a) and its implementing regulations in circumstances such as these, the noncitizen's detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See, e.g.*, *Ramirez Perez v. Blanche*, No. 1:26-cv-06391-KES-HBK, 2026 WL 3417014 (E.D. Cal. Nov. 11, 2026).

Respondents maintain that petitioner is an applicant for admission who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but they concede that the Ninth Circuit rejected that argument in *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. Doc. 5.

Respondents further argue that in light of *Rodriguez Vasquez*, "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." *See id.* at 1.

But here respondents' records show that, although petitioner was arrested by immigration officials on June 28, 2026, he was not provided with a notice of custody determination until August 6, 2026. Docs. 5-2, 5-3. And respondents do not argue that petitioner is a danger or flight risk. *See* Doc. 5. The court has found that, in similar circumstances, a noncitizen's detention violates the INA and the Due Process Clause. *See, e.g.*, *Ramirez Perez v. Blanche*, No. 1:26-cv-06391-KES-HBK, 2026 WL 3417014 (E.D. Cal. Nov. 11, 2026).

For the reasons set forth in *Ramirez Perez v. Blanche*, No. 1:26-cv-06391-KES-HBK, 2026 WL 3417014 (E.D. Cal. Nov. 11, 2026), the petition for writ of habeas corpus is GRANTED. The court ORDERS that respondents release petitioner Luis Enrique Lan Bercian (A-Number: 240-465-152) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is also directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 15, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.